1
2
3
4
5
6
7
8
9
10

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RAYMOND VINCENT DIGIACOMO, JR., | Case No. 20-cv-04492-LB |
| Plaintiff | **SCREENING ORDER** |
| v. | Re: ECF No. 1 |
| COMCAST CORPORATION et al., | |
| Defendants | |

## INTRODUCTION

The plaintiff, Raymond V. DiGiacomo, Jr., who is representing himself and proceeding *in forma pauperis*, sued Comcast and the City and County of San Francisco ("CCSF") for Comcast's poor installation of internet-cabling boxes (pursuant to a contract with the CCSF) underneath roads in San Francisco, including boxes underneath (and near) his bedroom windows. The box-cover screws allegedly loosen, and that creates a jarring noise when drivers drive over them. The plaintiff claims that this violates his due-process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, his Fourteenth Amendment equal-protection rights, and related state torts (such as negligence and nuisance).[1]

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. At the beginning of his

The court previously granted the plaintiff's motion to proceed *in forma pauperis.*[2] The plaintiff consented to magistrate jurisdiction.[3] Before directing the United States Marshal to serve the defendants with the plaintiff's complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiff has not plausibly pleaded a federal claim, and the court will not exercise supplemental jurisdiction over the state claims. If the plaintiff can cure the deficiencies in his complaint, he may file an amended complaint by August 20, 2020. Otherwise the court will reassign the case to a district judge and recommend dismissal of the complaint for lack of jurisdiction.

## STATEMENT

The plaintiff lives near Maiden Lane, in the Union Square neighborhood of San Francisco.[4] Underneath Maiden Lane, and on other nearby streets, there are "CATV" internet-cabling boxes that have box covers (or "lids").[5] Over time, the "lid fastening screws" either loosen or were never properly fastened.[6] As a result, when cars drive over the unfastened boxes, it creates an "extremely jarring" noise that sounds like a gunshot.[7] The gunshot noise can be heard day and night, and it prevents the plaintiff from sleeping and otherwise enjoying his property.[8]

On March 21, 2020, the plaintiff contacted the County's 311 customer service call center to address the "gunshot" noises emitted by the cabling boxes and informed them that the noise was

---

complaint, the plaintiff also references Section 504 of the Americans with Disabilities Act, 29 U.S.C. §§ 194 *et seq.*, but he does not allege a stand-alone claim. *Id.* at 2 (¶ 1).

[2] Order – ECF No. 4.

[3] Consent – ECF No. 7.

[4] Compl. – ECF No. 1 at 3 (¶ 11).

[5] *Id.* (¶ 12).

[6] *Id.*

[7] *Id.* (¶ 13).

[8] *Id.*

United States District Court
Northern District of California

preventing him from sleeping.[9] He complained of several different CATV box lids that resulted in noise and provided their locations.[10]

On April 10, 2020, after he did not hear back from the CCSF, the plaintiff called 311 to follow up on his complaint.[11] The 311 operator mentioned that on March 25, 2020, the Department of Public Works ("DPW") Bureau of Street Use and Mapping Department inspected the box covers and took photographs to document the issue.[12] On April 14, 2020, the plaintiff spoke by telephone with a DPW worker named "Roni," who mentioned that Comcast "was aware" of the issue.[13] The plaintiff asked for the relevant Comcast manager's contact information but was told that he could not be given a supervisor's contact information.[14] Roni said she would contact the plaintiff if she heard back from Comcast.[15] Comcast and the CCSF never called the plaintiff back, and the gunshot noise persists.[16]

The plaintiff's complaint has 10 claims, some against both defendants and some against the individual entities: (1) private nuisance (Comcast and the CCSF); (2) public nuisance (Comcast and the CCSF); (3) negligent hiring, supervision, or retention of employees (Comcast); (4) negligence (Comcast and the CCSF); (5) a violation of his due-process rights under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983 (CCSF); (6) a violation of his equal-protection rights under the Fourteenth Amendment and § 1983 (CCSF); (7) creation of a dangerous risk (under the "State-Created Danger Doctrine"), in violation of his due-process rights under the Fifth and Fourteenth Amendments and § 1983 (CCSF); (8) an unconstitutional municipal custom or policy, in violation of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (CCSF); (9) a deprivation of his rights to safety and the pursuit of happiness, in violation of Cal. Const. art. I, § 1

---

[9] *Id.* at 4 (¶ 15).

[10] *Id.*

[11] *Id.* (¶ 16).

[12] *Id.*

[13] *Id.* (¶ 17).

[14] *Id.*

[15] *Id.*

[16] *Id.* (¶ 18).

1  ("CCSF"); and (10) a breach of a statutory duty to provide medical care, in violation of Cal. Gov't

2  Code § 815.6 and Cal. Welf. & Inst. § 1700 (CCSF).[17] He seeks injunctive relief from the CCSF

3  and monetary damages and injunctive relief from Comcast.[18] The court previously granted the

4  plaintiff leave to proceed in forma pauperis and waived payment of the filing fee.[19]

5

6  ## ANALYSIS

7  A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is

8  subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is

9  frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

10  relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v.*

11  *Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)

12  (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint

13  make and rule on its own motion to dismiss before directing the United States Marshal to serve the

14  complaint pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d at 1127. The Ninth

15  Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule

16  of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the

17  Supreme Court has explained, "[the *in forma pauperis* statute] is designed largely to discourage

18  the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying

19  litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490

20  U.S. 319, 327–28 (1989).

21  Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint

22  if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint

23  include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a

24  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

25  claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

26

27  ---

[17] *Id.* at 5–17 (¶¶ 19–83).

[18] *Id.* at 17.

28  [19] Order – ECF No. 4.

quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitle[ment] to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

Here, the parties are not diverse, and thus the court's jurisdiction rests on federal-question jurisdiction. The plaintiff does not plead a federal claim, and the exercise of supplemental jurisdiction over the state claims thus is not appropriate.

## 1. The Complaint Fails to State a Federal Claim

The federal claims are a due-process claim, an equal-protection claim, and a *Monell* claim. The plaintiff does not plausibly plead any federal claim, and thus there is no federal-question jurisdiction.

First, the plaintiff does not plead a procedural-due-process claim. "To prevail on a claim for a procedural due process violation, the party must prove three elements: 1) a protectable liberty or property interest, 2) government deprivation of that interest, and 3) a denial of adequate procedural protections." *Holman v. City of Warrenton*, 242 F. Supp. 2d 791, 803 (D. Or. 2002) (citing *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998)). The plaintiff at best pleads the CCSF's failure to respond satisfactorily to his phone call to DPW and has not pleaded that the

United States District Court
Northern District of California

CCSF deprived him of a protectible property interest or denied him adequate procedural protections.

Second, the complaint does not plead a substantive-due-process violation. Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience' . . . or interferes with rights 'implicit in the concept of ordered liberty.'" *United States v. Salerno*, 481 U.S. 739, 746 (1987) (quoting *Rochin v. California,* 342 U.S. 165, 172 (1952) and *Palko v. Connecticut,* 302 U.S. 319, 325–26 (1937)). "[T]he substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (quoting *Collins v. Harker Heights,* 503 U.S. 115, 128 (1992)). And "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Id.* at 846 (quoting *Collins*, 503 U.S. at 128). At best, the complaint alleges negligence, not conduct that is arbitrary or shocking in the constitutional sense.

Third, the plaintiff does not plead an equal-protection violation. "To state a § 1983 claim for violation of the Equal Protection Clause," a plaintiff "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (quotation omitted); *accord Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). Put slightly differently, a plaintiff alleging that he was denied equal protection based on his race or other suspect classification "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998); *accord, e.g., Caddell v. Helena Elder Hous., Inc.,* 494 F. App'x 809, 810 (9th Cir. 2012) ("The district court properly dismissed . . . equal protection claims . . . because [plaintiff] failed to allege facts demonstrating a discriminatory intent."). "[B]are assertions" and "conclusory allegations" of discrimination will not suffice. *See Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (discussing *Iqbal*, 556 U.S. at 680–81). Nor will the merely "formulaic recitation of the elements" of a constitutional discrimination claim. *Iqbal*, 556 U.S. at 680–81 (quoting *Twombly,* 550 U.S. at

United States District Court
Northern District of California

555). Here, the plaintiffs' allegations are conclusory, and he does not allege discriminatory intent based on his membership in a protected class.

Fourth, the *Monell* claim fails because (among other reasons) there are no predicate constitutional violations. *Plumeau v. Sch. Dist. No. 40*, 130 F.3d 432, 438 (9th Cir. 1997).

### 2. State Claims

This is a federal-question and supplemental-jurisdiction suit. The plaintiff has not stated a minimally viable federal claim. The court thus lacks federal-question jurisdiction. Without jurisdiction, the court does not reach the state-law claims.

### CONCLUSION

The court has identified the complaint's deficiencies. If the plaintiff can cure the deficiencies in his complaint regarding the federal claims, he may file an amended complaint by August 20, 2020. The court thinks it is unlikely that he can cure the deficiencies because at core, this case is a nuisance case that sounds in tort, and the venue is appropriately in state court. If the plaintiff agrees, he may dismiss the case voluntarily by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice for the state claims, which he can pursue in state court.

If the plaintiff does not file an amended complaint by August 20, 2020, the court will reassign the case with a recommendation to dismiss the case for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated: July 24, 2020

_____
LAUREL BEELER
United States Magistrate Judge